IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ZHENG GING JU and            )
YEAN FONG WONG JU,           )
                             )
        Plaintiffs,          )
                             )
        v.                   )            1:06cv320(JCC)
                             )
EUGENE J. MARK, JR., ESQ.,   )
*et al.*,                    )
                             )
        Defendants.          )

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiffs'
motion for partial summary judgment.  For the following reasons,
the Court will deny Plaintiffs' motion.

**I.   Background**

Plaintiffs, Zheng Ging Ju and Yean Fong Wong Ju, have
brought this action against Defendants, First Washington Title
and Escrow Corporation ("First Washington"), Eugene J. Mark, and
the Hanover Insurance Company ("Hanover"), alleging breach of
contract and fraud.  On October 22, 2004, Plaintiffs, who are
husband and wife, refinanced their residence in Fairfax County,
which they owned as tenants by the entirety with the right of
survivorship.  First Washington was listed as the settlement
agent on the Settlement Statement ("HUD-1") for the transaction.
Mark, who is the President of First Washington, was not present
at the settlement.  Rather, it appears that Plaintiffs conducted
the settlement with Leslie Tang, a mortgage broker who had

previously arranged other refinances in which First Washington was the settlement agent.  Although Mark was not present at the settlement, he signed and notarized the HUD-1.

According to the terms of the HUD-1, the entire net proceeds of the refinance, $188,443.38, were to be paid to the "Borrower," which the HUD-1 identified as Mr. and Mrs. Ju.  On November 4, 2004, however, Mark signed a wire transfer authorization to send the entire amount of the proceeds to a Massachusetts corporation known as OneUniverseOnline, Inc. ("1UOL").  Plaintiffs claimed that the wire transfer was unauthorized, and the instant action followed.

On June 13, 2006, upon Defendants' motion, the Court dismissed Count II of Plaintiffs' complaint.  Thereafter, Plaintiffs filed a motion for partial summary judgment, seeking a monetary judgment against First Washington and Mark under a breach of implied contract theory and against Hanover pursuant to a surety bond issued by Hanover in favor of First Washington. Plaintiffs' motion is currently before the Court.

## II.  Standard of Review

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, pleadings, or other evidence, "that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed. R. Civ. P.
56(c).  Rule 56 mandates entry of summary judgment against a
party who "after adequate time for discovery and upon motion
. . . fails to make a showing sufficient to establish the
existence of an element essential to that party's case, and on
which that party will bear the burden of proof at trial."
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if
there is a genuine issue of material fact in dispute. *See*
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A
genuine issue of fact exists if a reasonable jury could return a
verdict for a nonmoving party. *See id.*  In other words, summary
judgment appropriately lies only if there can be but one
reasonable conclusion as to the verdict. *See id.*  As the Fourth
Circuit explained,

> we must draw any permissible inference from the
> underlying facts in the light most favorable to the party
> opposing the motion.  Summary judgment is appropriate
> only where the record taken as a whole could not lead a
> rational trier of fact to find for the non-moving party,
> such as where the non-moving party has failed to make a
> sufficient showing on an essential element of the case
> that the non-moving party has the burden to prove.

*Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir. 1992) (internal
citations omitted), *abrogated on other grounds in Hazen Paper Co.*
*v. Biggins*, 507 U.S. 604 (1993).

### III.  Analysis

Plaintiffs' motion seeks a judgment in the amount of $97,540.65[1] jointly and severally against First Washington and Mark, an equal judgment to be entered against Hanover pursuant to the surety bond, and prejudgment and postjudgment interest. Plaintiffs rely on a theory of breach of implied contract, arguing that First Washington and Mark failed to transfer the refinance proceeds to Plaintiffs, as was specified by the HUD-1. Defendants claim that Mark's transfer of the refinance proceeds was in accordance with a document, entitled an "Agreement to Split Proceeds," that purportedly supplemented the HUD-1.  This document provided for transfer of the entire $188,442.38 to 1UOL and bore a signature purporting to be that of Mr. Ju.  Mrs. Ju did not sign the agreement.  Plaintiffs argue that Mr. Ju's purported signature was a forgery and that under Virginia law, Mrs. Ju's consent was required to authorize transfer of the refinance proceeds.

In the Court's view, this matter is premature for summary judgment.  The Court entered a Scheduling Order on August 23, 2006, and to date, the parties have conducted only limited discovery.  To illustrate the precipitous nature of this motion, Defendants cite the fact that Leslie Tang will likely be an

---

[1]Plaintiffs do not seek the full proceeds of the refinance, $188,443.38, because they claim that they were able to recover a total of $90,902.73 from 1UOL.

important fact witness in this matter.  Plaintiffs' allegation is
that Tang acted as First Washington's agent at the October 22,
2004 settlement.  In this regard, it is essential that the
parties have an opportunity to obtain Tang's testimony with
respect to any representations she made to Plaintiffs, any oral
agreements she reached with them, any statements made in her
presence, and so forth.  Defendants dispute Plaintiffs' claim
that the transfer to 1UOL was unauthorized, (See Compl. ¶ 70;
Answer ¶ 70), and Tang's testimony on this point may be crucial.

        Plaintiffs argue that the appearance of only Mr. Ju's
purported signature on the "Agreement to Split Proceeds" belies
the importance of any additional light that Tang could shed on
the signing of the Agreement.  The Court disagrees.  Plaintiffs'
argument is based solely on a reading of the Virginia Consumer
Real Estate Settlement Protection Act ("CRESPA") that would have
required both spouses to sign the Agreement in order to transfer
the escrowed funds.  CRESPA provides, in pertinent part, that
"[f]unds held in an escrow account shall be disbursed only
pursuant to a written instruction or agreement specifying how and
to whom such funds may be disbursed."  Va. Code § 6.1-2.23(B).
Furthermore, "[t]he funds shall be the property of the person or
persons entitled to them under the provisions of the escrow,
settlement, or closing agreement . . ."  Va. Code § 6.1-
2.23(A)(1).  From these statutes, Plaintiffs extrapolate the

principle that "*all* of the persons entitled to the funds must sign the written instruction." (Pl.'s Mem. at 16 (emphasis in original)). In this case, those persons would be both Mr. and Mrs. Ju, as both individuals were listed on the HUD-1 as the recipients of the refinance proceeds. The statutes relied upon by Plaintiffs contain no such requirement, however. Plaintiffs have cited no authority that would prohibit Mrs. Ju from, for example, orally giving Mr. Ju the authority to execute a written document specifying how the proceeds should be disbursed.

In sum, there is a substantial possibility that Tang will have testimony or evidence that may bear on a potential important factual dispute in this case. In spite of this, there has been no opportunity to depose Tang, who, as a non-party, cannot be served with interrogatories, requests for admission, or requests for production of documents. In fact, it appears that the parties have not yet conducted any depositions.

Finally, Defendants have identified as a second area of possible factual dispute the amount of damages due Plaintiffs. Plaintiffs claim that they were able to recover $90,902.73 from 1UOL and have accordingly reduced this amount from the damages they seek. Defendants represent, however, that they have received no documents verifying the amount of money that Plaintiffs recovered from 1UOL and that they also currently have no evidentiary basis to evaluate whether Plaintiffs' attempts to

mitigate damages were reasonable.  This fact further serves to demonstrate that this matter is not yet appropriate for summary judgment.

As a general rule, summary judgment is appropriate only after "adequate time for discovery."  *Celotex*, 477 U.S. at 322; *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095.  "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson*, 477 U.S. 242 at 250 n.5.  Here, the parties have engaged in only limited discovery, and there is scant evidence on which to resolve potential disputed issues of material fact.  As such, the Court finds that summary judgment would be premature.

## IV.  Conclusion

For the foregoing reasons, the Court will deny Plaintiffs' motion for partial summary judgment.  An appropriate Order will issue.


September 13, 2006                  _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE